## Case No. 15,942.

UNITED STATES v. ONE HUNDRED AND TWENTY-SIX BALES OF PADDING.

[43 Hunt, Mer. Mag. 585.]

District Court, S. D. New York. 1860.

FRAUD ON THE REVENUE — UNDERVALUATION OF IMPORTED GOODS.

The libel in this case alleged that Collector Schell, in September last, at the city of New York, seized as forfeited to the United States, the 126 bales of padding imported into the port of New York, subject to duties and entered; that an invoice was produced and left with the collector; that upon an examination and appraisement the packages and invoice were found to have been made up with intent, by false valuation, extension and otherwise, to evade and defraud the revenue of the United States in this, that the goods contained in the packages were valued in the said invoice at a less price than the actual market value or wholesale price abroad of the goods at the period of exportation to the United States, thereby intending to defraud the United States by paying less duty on said goods than the amount which the same were required to pay by law on the importation thereof into the United States. Also that the goods were invoiced at a much less price than the actual costs thereof, with intent to evade and defraud the revenue; and that the goods, by reason aforesaid, became forfeited to the government. The libel prayed for a decree of the court condemning the goods. George Brown, of the firm of Smieton and Brown, intervening for James Smieton and others, of Dundee, in Scotland, appeared and claimed the merchandise, averring that the said firm were in the possession thereof, at the time of the seizure by the marshal, as agents of James Smieton and others, the owners. The claimant, George Brown, also put in an answer by James B. Craig, Esq., his proctor, claiming that the merchandise did not become forfeited, as alleged. A consent was given by the proctor for the claimant that a decree of condemnation and forfeiture be entered, and the merchandise be delivered to the claimants, upon payment by them of $18,300 25—the appraised value—into the registry of the court. The United States district attorney consented that the merchandise be discharged from custody, upon the claimants filing sworn claim, paying into the registry of the court $18,300 25—being the appraised value of the same—and consenting to a decree of condemnation and forfeiture.

:

THE COURT [BETTS, District Judge] entered a decree, which, after reciting that the goods having been attached by the marshal, and no defence to the libel of information having been interposed, and the claimants having paid into the registry of the court $18,300.25, as the appraised value of the goods, on filing consents of United States district attorney and proctor for claimants, ordered that the goods be condemned as forfeited to the United States, and that out of the proceeds paid by the claimants into court the clerk pay the taxed costs, and pay the balance of the money to the collector, to be by him distributed according to law. Amount paid to collector $17,962.75.